IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAXYS NORTH AMERICA LLC | § | |
| | § | |
| *vs.* | § | C.A. NO. H – 10 – 55 |
| | § | ADMIRALTY |
| M/V AMEERA, *etc., et al.* | § | |

### *ORIGINAL   COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Traxys North America LLC files this Original Complaint against Defendants, the M/V AMEERA and M/V BLUE PRINCESS, *in rem*, Kardeniz Denizcilik Isletmeleri A.S. ("Kardeniz"), Mardeniz Denizcilik Isletmeleri A.S. ("Mardeniz"), Met–Pro Shipping Corporation ("Met–Pro"), Fidelity Shipping & Trading, Inc. ("Fidelity") and Thoresen Thai Agencies Public Company Limited ("Thoresen"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.    This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.  Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

2.    Plaintiff is a Delaware limited liability company with its principal place of business in Cos Cob, Connecticut.

3.      At all times material, Kardeniz owned, managed and/or operated the M/V AMEERA, then named the M/V HABIBE ANA, as a common carrier of goods by water for hire between various ports, including the Ports of Mundra, India and Houston.  Kardeniz is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Kardeniz is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Kardeniz may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Kardeniz has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Kardeniz is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Kardeniz with a summons is effective to establish personal jurisdiction over it.  Kardeniz can be served by serving the Texas Secretary of State.  Process or notice can be sent to Kardeniz at its home office located at Ambarli Liman, Yakuplu Mah, Buyukcekmece, 34524 Istanbul,

2

Turkey.

4.      At all times material, Mardeniz owned, managed and/or operated the M/V AMEERA, then named the M/V HABIBE ANA, as a common carrier of goods by water for hire between various ports, including the Ports of Mundra and Houston. Mardeniz is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Mardeniz is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Mardeniz may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Mardeniz has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Mardeniz is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Mardeniz with a summons is effective to establish personal jurisdiction over it.  Mardeniz can be served by serving the Texas Secretary of State.  Process or notice can be sent to Mardeniz at its home office located at

Ambarli Liman, Yakuplu Mah, Buyukcekmece, 34524 Istanbul, Turkey.

5.      At all times material, Met–Pro owned, managed and/or operated the M/V BLUE PRINCESS as a common carrier of goods by water for hire between various ports, including the Ports of Mundra and Houston.  Met–Pro is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Met–Pro is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Met–Pro may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Met–Pro has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Met–Pro is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Met–Pro with a summons is effective to establish personal jurisdiction over it.  Met–Pro can be served by serving the Texas Secretary of State.  Process or notice can be sent to Met–Pro at its home office located at 6th Floor, 73 Akti Miaouli, 185 37

Piraeus, Greece.

6.     At all times material, Fidelity owned, managed and/or operated the M/V BLUE PRINCESS as a common carrier of goods by water for hire between various ports, including the Ports of Mundra and Houston.  Fidelity is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Fidelity is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Fidelity may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Fidelity has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Fidelity is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Fidelity with a summons is effective to establish personal jurisdiction over it.  Fidelity can be served by serving the Texas Secretary of State.  Process or notice can be sent to Fidelity at its home office located at 6th Floor, 73 Akti Miaouli, 185 37 Piraeus,

Greece.

7.      At all times material, Thoresen chartered, managed and/or operated the
M/V AMEERA, then named the M/V HABIBE ANA, and the M/V BLUE
PRINCESS as a common carrier of goods by water for hire between various ports,
including the Ports of Mundra and Houston.  Thoresen is a foreign entity not
authorized to do business in Texas but, at all times material, did business in Texas by
carrying cargo aboard vessels to and from Texas, operating and/or managing vessels
in Texas navigational waters, entering into charter parties, bills of lading and/or other
contracts of carriage in Texas, entering into charter parties, bills of lading and/or other
contracts of carriage to be performed wholly or partly in Texas, and/or by committing
a tort in Texas, each of which constitutes doing business in Texas in accordance with
§17.042 of the Texas Civil Practice & Remedies Code.  Thoresen is a non–resident as
that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice &
Remedies Code but has not designated or maintained a resident agent in Texas.
Alternatively, although Thoresen may not be subject to the jurisdiction of the courts of
general jurisdiction of Texas or any other state, Plaintiff's action arises under federal
law and Thoresen has sufficient national minimum contacts with the United States as a
whole.  The exercise of personal jurisdiction over Thoresen is consistent with the
Constitutions and other laws of the United States and Texas.  Accordingly, serving
Thoresen with a summons is effective to establish personal jurisdiction over it.
Thoresen can be served by serving the Texas Secretary of State.  Process or notice can

6

be sent to Thoresen at its home office located at 26–27 Orakarn Building, 8th Floor, Soi Chidlom, Ploenchit Road, Kwaeng Lumpinee, Khet Pathumwan, Bangkok 10330 Thailand.

### *First  Claim*

8.      On or about December 7, 2008, Plaintiff's shipper tendered in good order and condition to Kardeniz, Mardeniz and/or Thoresen at Mundra cargos of ERW steel pipe.  Kardeniz, Mardeniz and/or Thoresen agreed safely to receive, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Kardeniz, Mardeniz and/or Thoresen acknowledged receipt of the cargos in good order and condition and accordingly therewith issued various bills of lading including Bills of Lading Nos. THRSTCJD07120804 through 812 at Mundra, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V HABIBE ANA.

9.      On or about January 14, 2009, the M/V HABIBE ANA arrived at Houston where Kardeniz, Mardeniz and/or Thoresen later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was wet, stained, rusted, corroded, pitted, bent, dented, flattened, mashed, nicked, gouged, scraped, scored, shifted, wracked, crushed, smashed, deformed, compressed and otherwise physically damaged.  The damages and loss proximately resulted from acts and/or omissions by Kardeniz, Mardeniz and/or Thoresen

constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V HABIBE ANA.

10.    Plaintiff proximately has sustained damages exceeding $50,298.48 plus interest dating from December 7, 2008, demand for which has been made upon Kardeniz, Mardeniz and/or Thoresen, but which they refuse to pay.

### Second  Claim

11.    On or about December 31, 2008, Plaintiff's shipper tendered in good order and condition to Met–Pro, Fidelity and/or Thoresen at Mundra cargos of ERW steel pipe.  Met–Pro, Fidelity and/or Thoresen agreed safely to receive, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Met–Pro, Fidelity and/or Thoresen acknowledged receipt of the cargos in good order and condition and accordingly therewith issued various bills of lading including Bills of Lading Nos. THRSELED83112083 through 87 at Mundra, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V BLUE PRINCESS.

12.    Sometime thereafter, the M/V BLUE PRINCESS arrived at Houston where Met–Pro, Fidelity and/or Thoresen later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was wet, stained, rusted, corroded, pitted, bent, dented, flattened, mashed, nicked,

gouged, scraped, scored, shifted, wracked, crushed, smashed, deformed, compressed and otherwise physically damaged.  The damages and loss proximately resulted from acts and/or omissions by Met–Pro, Fidelity and/or Thoresen constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V BLUE PRINCESS.

13.    Plaintiff proximately has sustained damages exceeding $39,470.17 plus interest dating from December 31, 2008, demand for which has been made upon Met–Pro, Fidelity and/or Thoresen but which they refuse to pay.

14.    At all times material, Plaintiff owned the cargos referenced in this Complaint and/or brings these claims for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Traxys North America LLC prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V AMEERA and M/V BLUE PRINCESS, their engines, tackle, apparel, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V AMEERA and M/V BLUE PRINCESS be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V AMEERA and M/V BLUE PRINCESS, *in rem*, and Kardeniz Denizcilik Isletmeleri A.S., Mardeniz Denizcilik Isletmeleri A.S., Met–Pro Shipping Corporation, Fidelity Shipping & Trading, Inc. and Thoresen Thai Agencies Public Company Limited, *in personam*, jointly and severally, are liable to Plaintiff for its damages and attorney fees as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    550 Westcott, Suite 230
    Houston, Texas 77007-5096
    Telephone:    (713) 864–2221
    Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

        ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

**Kardeniz Denizcilik Isletmeleri A.S.**
By serving the Texas Secretary of State
With copies of service or notice sent to:
Ambarli Liman
Yakuplu Mah, Buyukcekmece
34524 Istanbul, Turkey

**Mardeniz Denizcilik Isletmeleri A.S.**
By serving the Texas Secretary of State
With copies of service or notice sent to:
Ambarli Liman
Yakuplu Mah, Buyukcekmece
34524 Istanbul, Turkey

**Met–Pro Shipping Corporation**
By serving the Texas Secretary of State
With copies of service or notice sent to:
6th Floor, 73 Akti Miaouli
185 37 Piraeus, Greece

**Fidelity Shipping & Trading, Inc.**
By serving the Texas Secretary of State
With copies of service or notice sent to:
6th Floor, 73 Akti Miaouli
185 37 Piraeus, Greece

**Thoresen Thai Agencies Public Company Limited**
By serving the Texas Secretary of State
With copies of service or notice sent to:
26–27 Orakarn Building, 8th Floor, Soi Chidlom
Ploenchit Road, Kwaeng Lumpinee
Khet Pathumwan, Bangkok 10330 Thailand